PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORIO MACEDO, | ) | |
| | ) | CASE NO. 4:11CV175 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RODDIE RUSHING, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Gregorio Macedo filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Warden Roddie Rushing, NEOCC Chaplain William Zeyer, NEOCC Food Service Administrator Nilsa Diaz, NEOCC Grievance Officer Jillian Shane, and NEOCC dietician Heidi Mayer. In the Complaint, Plaintiff alleges NEOCC is not adequately following Kosher laws in the preparation of his food.[2] ECF No. 1. Plaintiff seeks injunctive relief. ECF No. 1 at 10.

**I. Background**

Plaintiff Macedo is a federal inmate incarcerated in NEOCC. ECF No. 1 at 1. Plaintiff practices Judaism and eats only Kosher foods. ECF No. 1 at 10. Plaintiff contends that, while NEOCC has a Kosher meal program, it is not adequately followed by the kitchen staff. ECF No.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971). While Plaintiff cites 42 U.S.C. § 1983, there is no allegation of action under color of state law. Plaintiff Macedo is a federal prisoner, in the custody of the Bureau of Prisons. *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

[2] Plaintiff alleges his religious rights are violated, which, if true, amounts to a violation of the First Amendment. U.S.C.A. Const.Amend. 1.

(4:11CV175)

1 at 5.

Plaintiff claims he is served meals that are not received directly from a certified Kosher manufacturer, and that he has not been provided with records of food purchases from Kosher vendors. ECF No. 1 at 4. He claims Kosher food is never served in its original container and, further, unwrapped non-Kosher food is served as Kosher selections. ECF No. 1 at 5.

Plaintiff alleges meals are unsealed and cooked in the Kosher kitchen when the proper method is for food to be heated in its sealed form in the microwave. ECF No. 1 at 4. Plaintiff objects to being served raw vegetables and soy products as the main staple of his diet. ECF No. 1 at 7. Plaintiff further claims that even food that is not forbidden under Kosher laws can become non-Kosher by the way it is handled in the kitchen or served to inmates, and that the inmates in the kitchen are not properly trained to prepare Kosher food and are working without rabbinical supervision. ECF No. 1 at 4-5.

Finally, Plaintiff alleges Jewish inmates are provided with inadequate servings of Kosher grape juice for the congregational Shabbat service and requests for individual servings. ECF No. 1 at 9.

## II.  Legal Standard

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

(4:11CV175)

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting Federal Rule of Civil Procedure 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp.*, 550 U.S. at 555. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal,* 129 S.Ct. at 1949. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV175)

### III. Discussion

It appears Plaintiff's claims against Defendants Rushing and Shane are based upon their responses to Plaintiff's grievances. ECF No. 1 at 2-3. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability in a civil rights action. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). Because denying a grievance is not the same as denying a religious accommodation, Plaintiff has failed to state a claim that Defendants Rushing and Shane committed a constitutional violation.

Plaintiff's claims against the other Defendants meet the basic pleading standard pursuant to Fed. R. of Civ. Pro. 8(a)(2). A complaint pursuant to Rule 8 must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. In the instant case, Plaintiff sufficiently alleges Chaplin Zeyer denied him adequate grape juice for the Shabbat service. ECF No. 1 at 9. Plaintiff sufficiently alleges NEOCC kitchen staff and administrators inadequately provided proper food, inadequately supervised the kitchen staff, and did not follow correct guidelines, listing Food Service Administrator Diaz and Dietician Mayer as Defendants. ECF No. 1 at 1, 8. Accordingly, Plaintiff's *Bivens* claims alleging a violation of the First Amendment based on the alleged denial of a Kosher diet against Defendants Zeyer, Diaz, and Mayer satisfy the minimal pleading requirements of Rule 8.

(4:11CV175)

## IV. Conclusion

For the reasons set out above, Plaintiff's claims against Defendants Rushing and Shane are dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

This case shall proceed solely on Plaintiff's claims against Defendants Zeyer, Diaz, and Mayer. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendants.

IT IS SO ORDERED.

| | |
|---|---|
| _July 5, 2011_ | _/s/ Benita Y. Pearson_ |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

5